DECISION
Appellant appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator and sets forth the following assignment of error:
 The trial court's decision finding Appellant to be a "sexual predator" as defined by 2950.01(E) is contrary to the weight of the evidence.
In 1982, appellant entered a guilty plea to aggravated burglary and rape. The offenses occurred when appellant broke into the home of a twenty-three year old woman and raped her at knifepoint. Appellant was granted his final release from parole in April 1993. In 1994, appellant was indicted on multiple charges based on five incidents that occurred between October 1993 and September 1994. All of the incidents involved burglaries in the residences of women and some of the incidents included sexual offenses. Following a jury trial, appellant was acquitted of all charges relating to one of the five victims and was found guilty of three counts of aggravated burglary, one count of attempted aggravated burglary, two counts of attempted rape, one count of carrying a concealed weapon, and one count of possession of criminal tools. The trial court found appellant to be a sexual predator.
A sexual predator is defined in R.C. 2950.01(E) as:
 (E) * * * [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(3) states in part:
 (3) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * *
Thus, the statute requires the court to find by clear and convincing evidence that an offender is likely to commit a sexually-oriented offense in the future. "Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future." State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
In deciding whether a defendant is a sexual predator, the court must consider the following factors set forth in R.C. 2950.09(B)(2):
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
We find there is clear and convincing evidence that appellant is a sexual predator in that he has been convicted of a sexually oriented offense, the 1982 rape and two attempted rapes in 1985, and there was evidence of the factors set forth in R.C. 2950.09(B)(2). All of the charges which led to appellant's convictions followed the same basic pattern, that is, burglaries in the residences of women with an attempt to commit, or the commission of, some sexually oriented offense. The offenses began in October 1993, shortly after appellant was granted his final release from parole and continued until 1994, when appellant was arrested and indicted.
In the eighteen months following appellant's final release from parole, he committed multiple offenses involving multiple victims. In addition to the cruelty inherent in the crimes committed, appellant used a knife during the 1982 incident and a knife was present during some of the other incidents.
Therefore, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.